**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

**CASE NO. 21-mc-0005-KEM**

SOUTH BROWARD HOSPITAL DISTRICT,
D/B/A MEMORIAL HEALTHCARE SYSTEM,
on its own behalf and on behalf of other similarly
situated healthcare facilities,

    Plaintiff,

v.

ELAP SERVICES, LLC, a Pennsylvania limited
liability company, and GROUP & PENSION
ADMINISTRATORS, INC., a Texas corporation,

    Defendants.

_____/

**SOUTH BROWARD HOSPITAL DISTRICT'S BRIEF IN SUPPORT OF MOTION TO
TRANSFER SELF INSURED SERVICES COMPANY'S MOTION TO QUASH TO THE
<u>SOUTHERN DISTRICT OF FLORIDA</u>**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................1

BACKGROUND ...................................................................................................................3

    I.    Nature Of The Underlying Litigation ............................................................3

    II.    Memorial's Subpoenas To Third-Party Administrators ..........................................4

    III.    Without Conferring, SISCO And Other Third-Party Administrators File Motions To Quash In Several Federal District Courts ...................................4

ARGUMENT........................................................................................................................6

    I.    The Court Should Transfer SISCO's Motion To Quash To The Southern District Of Florida ...........................................................................6

        A.    Transfer To The Southern District Of Florida Will Avoid Creating Inconsistent Rulings And Prevent Any Disruption Of That Court's Management Of The Underlying Litigation......................7

        B.    Transfer To The Southern District Of Florida Will Promote Judicial Economy..................................................................................9

        C.    Memorial's Interest In Transfer Outweighs Any Interest SISCO May Assert In Local Resolution Of The Subpoena In The Northern District Of Iowa ............................................................11

    II.    In The Alternative, The Court Should Deny SISCO's Motion To Quash ..................................................................................................12

        A.    The Southern District Of Florida Has Entered A HIPAA-Qualified Protective Order.......................................................13

        B.    SISCO Failed To Substantiate Its Undue Burden Objection .....................14

        C.    SISCO's Trade Secret and Confidentiality Objections Are Unfounded...............................................................................15

        D.    SISCO Is Not Entitled To Sanctions............................................15

        E.    Memorial Has Agreed To Modify The Temporal And Geographical Requirements Of The Subpoena..........................................16

CONCLUSION....................................................................................................................17

South Broward Hospital District d/b/a Memorial Healthcare System ("Memorial") moves to transfer Self Insured Services Company's ("SISCO") Motion to Quash (Doc. 1) to the Southern District of Florida under Federal Rule of Civil Procedure 45(f), and states the following in support[1]:

## INTRODUCTION

SISCO's Motion to Quash is not about Memorial's subpoena. The subpoena is essentially one request, and any issues could have been resolved with a phone call, if SISCO and its counsel had conferred before filing. They did not. SISCO's Motion is one piece of a coordinated scheme by Defendant ELAP Services, LLC ("ELAP"), and its affiliated third-party administrators to harass Memorial and multiply these proceedings beyond the underlying litigation in the Southern District of Florida. There are now four motions—filed in four different federal district courts—seeking to quash nearly identical subpoenas issued by Memorial.[2] The motions are materially identical, were filed by the same counsel, and raise the same baseless arguments. Counsel for the third-party administrators did not even attempt to confer with Memorial's counsel before filing these motions. And for good reason: such conferral would not have served their calculated effort to distract from the merits of the underlying litigation.

These are precisely the "exceptional circumstances" required for Rule 45(f) transfer. The Northern District of Illinois has already recognized as much, entering a *sua sponte* order in response to a nearly identical motion to quash filed by SISCO's counsel in which the Illinois court observed that "it might make a great deal of sense to transfer th[e] motion to the issuing court." *In re Subpoena of S. Broward Hosp. Dist. Litig. Subpoena Issued to Trustmark Health Benefits Inc.*

---

[1]  In an abundance of caution, and in the event this Court does not transfer SISCO's motion, Memorial also provides below its substantive response in opposition to the Motion to Quash.
[2]  There were initially five motions. One was resolved by the parties and withdrawn by stipulation.

1

*("N.D. Ill. Subpoena")*, No. 21-cv-4929 (ECF No. 10) (N.D. Ill.) (filed Oct. 8, 2021) (attached as Exhibit A).

Absent transfer, "[t]he risk of issuing an inconsistent ruling is high, and weighs strongly in favor of transferring [SISCO's Motion to Quash] to the issuing court." *AmTrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc.*, 2016 WL 1446136, *5 (D. Mont. Apr. 12, 2016). SISCO's primary arguments have already been squarely addressed (and rejected) by the presiding court through, among other things, its issuance of a HIPAA-Qualified Protective Order and a Stipulated Confidentiality Agreement and Protective Order (attached as Exhibit B and Exhibit C, respectively).

This motion should be transferred to the Southern District of Florida. Each of the other motions filed by related third-party administrators in other federal district courts, which are the subject of contemporaneously filed motions to transfer, should be transferred there as well. And the presiding court should address and evaluate SISCO's, the related entities', and their counsels' arguments and conduct.

The Court should transfer the Motion to Quash without consideration of the arguments raised by SISCO. If the Court denies transfer, the Motion to Quash should alternatively be denied. SISCO demands that the subpoena be quashed based on procedural technicalities and unfounded privacy objections. Simply put, Memorial has consistently attempted to meet and confer with SISCO to provide it more time to comply with the subpoena in the least burdensome manner while still providing Memorial with the information it needs to prosecute its nationwide class action. SISCO has rejected those efforts and ignored comprehensive orders entered by the Florida court that resolve its privacy concerns.

For these reasons, as detailed below, the Motion to Quash should be transferred to the

Southern District of Florida or, alternatively, denied.

## BACKGROUND

**I.      Nature Of The Underlying Litigation**

Memorial's Rule 45 subpoena compels the production of documents from a non-party—SISCO—for use in a class action lawsuit currently pending in the United States District Court for the Southern District of Florida. *S. Broward Hosp. Dist. v. ELAP Servs., LLC*, No. 20-cv-61007-SINGHAL/VALLE (S.D. Fla.). The Florida class action concerns an unfair and deceptive scheme designed by Defendants ELAP and Group & Pension Administrators, Inc. ("GPA") (together, "Defendants") to steal tens of millions of dollars off the backs of hospitals and healthcare facilities. Working together, Defendants systematically underpay healthcare providers in Florida and around the country through ELAP's arbitrary, uniform, and unilateral use of a healthcare claim reimbursement model known as "Reference Based Pricing"—which pays providers a fraction of the reasonable value of their services.

Memorial is among the thousands of healthcare facilities nationwide that have been deceived by Defendants. Like Memorial, these facilities contract for pre-negotiated in-network rates with a well-known health insurance network called MultiPlan. But facilities will never receive payment under MultiPlan rates. Through a host of unfair and deceptive practices, Defendants lead facilities to believe that they will be reimbursed at MultiPlan rates, when, in fact, Defendants end up providing miniscule payments according to ELAP's arbitrary application of Reference Based Pricing. When facilities complain, Defendants utilize additional unfair and deceptive practices, including resorting to vexatious and scorched earth litigation tactics, to frustrate the facilities' requests for fair payment.

On December 3, 2020, the Southern District of Florida denied Defendants' Motion to Dismiss and to Strike Memorial's Class Allegations. *S. Broward Hosp. Dist. v. ELAP Servs., LLC*,

3

2020 WL 7074645 (S.D. Fla. Dec. 3, 2020). The Florida court held that Memorial's "extensive and detailed argument" as to how Defendants' scheme is unfair and deceptive was "compelling" and raised "'question[s] of fact for the jury to determine.'" *Id.* at *6. The Florida court further concluded that Defendants' attempt to dismiss Memorial's class allegations was "premature" because "'the shape and form of a class action evolves only through the process of discovery.'" *Id.* at *11. The parties have now begun discovery, with an initial discovery cutoff date set for December 17, 2021.

## II. Memorial's Subpoenas To Third-Party Administrators

Through discovery, Memorial learned from ELAP that medical denial codes, which are necessary for Memorial to identify which claims are part of the class, and detailed claims payment information, which is essential for the putative class's damages models, were not in ELAP's possession. According to Defendants, this information was exclusively in the possession of various third-party administrators affiliated with ELAP throughout the country. So Memorial served narrowly targeted subpoenas to each of these administrators requesting a report that includes this critical information. (A copy of the SISCO subpoena is attached to SISCO's Motion to Quash.)

## III. Without Conferring, SISCO And Other Third-Party Administrators File Motions To Quash In Several Federal District Courts

On September 16, 2021, SISCO initiated the instant proceeding in this Court by filing its Motion to Quash. At no point prior to filing the Motion to Quash did SISCO or its counsel contact Memorial to raise concerns with the subpoena. That very week, four other related third-party administrators filed similar motions to quash—so similar that they are near carbon copies of each other—in federal district courts throughout the country. *See In re Subpoena of S. Broward Hosp. Dist.*, No. 21-mc-9, Doc. 1 (D. Mont) (filed Sept. 13, 2021); *Integrity Health Adm'rs LLC*, No. 21-

4

cv-16871, Doc. 1 (D.N.J.) (filed Sept. 13, 2021);[3] *In re Subpoena of S. Broward Hosp. Dist.*, No. 21-mc-2663, Doc. 1 (E.D.N.Y.) (filed Sept. 15, 2021); *N.D. Ill. Subpoena*, Doc. 1 (N.D. Ill.) (filed Sept. 16, 2021). None of these third-party administrators contacted Memorial to resolve their concerns with the subpoenas prior to filing their motions to quash, and counsel for the administrators has made clear that more such motions are forthcoming.

On September 24, 2021, the Northern District of Illinois *sua sponte* issued an order directing the parties to brief on an expedited basis whether the motion to quash filed by a third-party administrator in that court should be transferred to the Southern District of Florida. Ex. A. The Illinois court observed that "it might make a great deal of sense to transfer th[e] motion to the issuing court." *Id.* The Illinois court explained that "[t]he presiding court will have a much, much better handle on the discoverability of the information and records sought, and its importance to the proposed class action." *Id.* The court further recognized that, "with remote appearances now commonplace and cost-effective, typically there is no downside involved in litigating the dispute in the issuing court." *Id.* Indeed, each of the discovery hearings to date in the underlying litigation in Florida has proceeded telephonically, rendering any arguments of "downside," *id.*, by SISCO as groundless as its substantive arguments, which have already been rejected by the Florida court. The parties have fully briefed the issue of whether to transfer the Illinois motion to quash to the Southern District of Florida and are awaiting a ruling from the Illinois court. The Illinois court has already indicated that it would be reviewing the parties' submissions before an October 8 status hearing, so an expeditious ruling is expected.

---

[3]   The parties have since resolved the New Jersey matter, and stipulated to withdrawal of Plaintiff's subpoena and the motion to quash.

5

## ARGUMENT

I.  **The Court Should Transfer SISCO's Motion To Quash To The Southern District Of Florida**

Rule 45(f) provides that, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." SISCO has already refused Memorial's request to transfer its Motion to Quash to the Southern District of Florida. Thus, the question before the Court is whether "exceptional circumstances" warrant a transfer.

When subdivision (f) was added to Rule 45 in 2013, the Advisory Committee explained that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." 2013 Advisory Committee Note to Fed. R. Civ. P. 45(f).[4] "Transfer is appropriate," the Advisory Committee explained, "only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.*

Here, any interest SISCO has in obtaining resolution of its Motion to Quash in this Court is outweighed by the disruption that would be caused to the underlying litigation in the Southern District of Florida. Transferring SISCO's Motion to Quash to the Southern District of Florida will avoid potentially inconsistent rulings between this Court and the discovery rulings of the Florida court. Further, transfer will promote judicial economy, as the Florida court is most familiar with

---

[4] Courts applying Rule 45(f) routinely refer to the 2013 Note's language in determining the rule's scope. *See In re Managed Care Litig.*, 2020 WL 6044557, at *3 (D. Or. Oct. 13, 2020) (collecting cases).

6

the issues in this complex, nationwide class action that has been pending before that court since May 2020. And finally, because SISCO's counsel can make remote appearances before the Florida court and Memorial seeks only the production of electronic information, any interest in local resolution that SISCO may assert is outweighed by the efficiencies gained by litigating the Motion to Quash in the Southern District of Florida.

### A. Transfer To The Southern District Of Florida Will Avoid Creating Inconsistent Rulings And Prevent Any Disruption Of That Court's Management Of The Underlying Litigation

"By allowing for transfers, Rule 45(f) allows for consolidation of motions in a single appropriate court, thereby avoiding piecemeal litigation in multiple fora as well as piecemeal appeals." *P.H. Glatfelter Co. v. Windward Prospects Ltd.*, 847 F.3d 452, 458 (7th Cir. 2017). "Numerous district courts have found exceptional circumstances when motion practice in the issuing court raises similar arguments to those raised in the motion sought to be transferred." *Bright House Networks, LLC v. MarkMonitor, Inc.*, 2020 WL 4464882, at *2 (N.D. Cal. Aug. 3, 2020) (internal quotation marks and alterations omitted). "[B]ecause the [underlying litigation] is pending hundreds of miles away in a different district court, . . . the court here necessarily lacks the insight into and familiarity with the various and potentially complicated issues in that case." *Papst Licensing GmbH & Co. KG v. Apple, Inc.*, 2017 WL 1233047, at *7 (N.D. Ill. Apr. 4, 2017). Indeed, the risks of "inconsistent . . . rulings" and the possibility of "delving into the merits of the [underlying] litigation . . . constitutes disrupting [the issuing] court's management of the underlying litigation." *Cont'l Auto. Sys., U.S., Inc. v. Omron Auto. Elecs., Inc.*, 2014 WL 2808984, at *2 (N.D. Ill. June 20, 2014).

These principles should control here. The key issues raised by SISCO in its Motion to Quash have already been decided in Memorial's favor by the Florida court. For example, SISCO's

primary argument is that the subpoena should be quashed because it requires the potential production of personal health information ("PHI") protected by the federal Health Insurance Portability and Accountability Act ("HIPAA") and its implementing regulations. Doc. 1-1 at 13–17. The Florida court has entered a HIPAA-Qualified Protective Order ("HIPAA Order") that specifically addresses SISCO's concerns, *and specifically contemplates the production of PHI from nonparties such as SISCO*. The HIPAA Order authorizes parties and non-parties to disclose PHI. Ex. B ¶ 2. And it provides that Memorial, Defendants, and their attorneys "shall be permitted to use and disclose PHI . . . solely for matters reasonably connected with [the underlying litigation]." *Id.* ¶ 5. Further, if SISCO is compelled to produce PHI of patients, participants, insureds, members, and beneficiaries that are not Memorial Patients or non-Memorial Patients who are participants, insureds, members, and beneficiaries but were covered under an ELAP- and GPA-administered or other benefits plans at issue in the underlying litigation, "to the extent that such information is otherwise discoverable and not objectionable, [it] may only be disclosed after the PHI is de-identified." *Id.* ¶ 2.

Thus, the Florida court has already addressed disclosure of PHI and has provided enhanced privacy protection for persons not covered by ELAP- or GPA-administered or other benefit plans at issue in the underlying litigation. The Florida court is therefore in a better position to resolve SISCO's privacy-based objections. A ruling on that issue by this Court risks creating conflict with the Florida court.

SISCO also asserts that "[t]he subpoena seeks the production of confidential business information and trade secrets, specifically, [SISCO's] customer lists and details about the size and location of [SISCO's] customers." Doc. 1-1 at 18. The Florida court already considered this issue, too. On January 26, 2021, the Florida court entered a Stipulated Confidentiality Agreement and

8

Protective Order ("Confidentiality Order") that addresses how parties and non-parties may designate material as confidential and attorney's eyes only and sets forth procedures regarding the manner in which a party or non-party may object to those designations. Ex. C ¶¶ 1–2, 9, 15. Further, the Florida court has already held that both the HIPAA Order and the Confidentiality Order's "attorneys'-eyes-only provision[] . . . will certainly prevent any kind of confidentiality or trade secret material from being improperly disseminated to competitors or used for any unlawful purposes." Hr'g Tr. at 177:23–178:1 (June 24, 2021) (attached as Exhibit D). These two orders, the Florida court held, "fully take care of" objections regarding "confidentiality or trade secret information." *Id.* at 177:20–21.

Because the Florida court has already addressed the key issues raised by SISCO in its Motion to Quash, "a transfer will 'avoid disrupting the issuing court's management of the underlying litigation,' and enable resolution of fundamental issues underlying this matter." *In re Nonparty Subpoenas Duces Tecum*, 327 F.R.D. 23, 26 (D.D.C. 2018) (quoting 2013 Advisory Committee Note to Fed. R. Civ. P. 45(f)). It will also promote "[u]niformity of discovery rulings," which "in a case of this complexity is critical to achieving fairness to the parties and non-parties." *Chinitz v. Intero Real Estate Servs.*, 2020 WL 806177, at *2 (W.D. Tex. Feb. 14, 2020) (internal quotation marks omitted). Thus, "the risk of issuing an inconsistent ruling is high, and weighs strongly in favor of transferring the actions to the issuing court." *AmTrust*, 2016 WL 1446136, at *5. Accordingly, transfer will avoid creating inconsistent rulings and prevent any disruption to the Florida court's management of the underlying litigation.

**B.      Transfer To The Southern District Of Florida Will Promote Judicial Economy**

For similar reasons, transfer to the Southern District of Florida will also promote judicial economy. *See* 9A Arthur R. Miller, *Federal Practice & Procedure* § 2463.1 n. 7.80 (3d ed.)

9

(collecting cases from "many courts [that] have transferred motions . . . based on judicial economy"). As one district court aptly explained:

> [P]rinciples of judicial economy support transferring these actions to the issuing court. The underlying action has been pending for more than a year and a half, and discovery appears to have been extensive and to have raised many disputes that have been resolved by a magistrate judge in that district court. Some of the issues briefed by the parties here overlap with those already decided in the [issuing court]. That Court is much more familiar with the history of the litigation among these parties, and with the claims and defenses currently outstanding. . . . Thus, the [issuing court] is in the best position to rule on the motions.

*AmTrust*, 2016 WL 1446136, at *4.

Here, transfer to the Southern District of Florida will avoid inconsistent rulings and disruption to the Florida court's management of this complex nationwide class action that has been pending in that court since May 2020, where the magistrate judge has issued several significant discovery rulings. There are also several "issues regarding the scope of discovery [that] are more properly resolved by the issuing court which is responsible for case management of the underlying litigation." *Id.* at *5. That fact itself demonstrates that transfer will promote judicial economy. *See Coal. for App Fairness v. Apple Inc.*, 2021 WL 3418805, at *3 (D.D.C. Aug. 5, 2021) ("'[C]ourts have found exceptional circumstances warranting transferring subpoena-related motions to quash when transferring the matter is in the interests of judicial economy and avoiding inconsistent results.'" (emphasis deleted; quoting *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014))); *Nat'l Coal. of Ass'n of 7-Eleven Franchisees v. 7-Eleven, Inc.*, 2018 WL 6272919, at *3 (W.D. Tex. Feb. 13, 2018) (holding that transfer of a motion to quash to the issuing court managing a "large, multi-party class action" would "advance the interests of consistency and judicial economy"); *see also In re Managed Care Litig.*, 2020 WL 6044557, at *4 (D. Or. Oct. 13, 2020)

10

(Courts "consider[] factors such as 'complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation.'" (quoting *Duck v. U.S. Sec. & Exch. Comm'n*, 317 F.R.D. 321, 323 (D.D.C. 2016))).

Judicial economy will also be promoted by ensuring consistent rulings on the motions to quash that have been filed by related third-party administrators in federal district courts across the country. "[T]he risk of issuing an inconsistent ruling is high, and weighs strongly in favor of transferring [SISCO's Motion to Quash] to the issuing court." *AmTrust*, 2016 WL 1446136, at *5. As noted, in addition to SISCO, Memorial served identical subpoenas on numerous other third-party administrators that work with Defendants. Rather than confer with Memorial about any of those subpoenas, SISCO and four other third-party administrators filed motions to quash that are near carbon copies of each other. And rather than engage in a good faith effort resolve their objections to the subpoenas, SISCO and the other third-party administrators affiliated with Defendants have multiplied proceedings in this Court and others across the country. This is the antithesis of judicial economy. The Court should reject SISCO's gamesmanship and transfer the Motion to Quash to the Southern District of Florida.

    **C.    Memorial's Interest In Transfer Outweighs Any Interest SISCO May Assert In Local Resolution Of The Subpoena In The Northern District Of Iowa**

Finally, transfer to the Southern District of Florida will impose no burden on SISCO. As the Northern District of Illinois observed when it *sua sponte* directed Memorial and an ELAP-affiliated third-party administrator to brief the transfer issue, "[w]ith remote appearances now commonplace and cost-effective, typically there is no downside involved in litigating the dispute in the issuing court." Ex. A. Indeed, Rule 45(f) contemplates this practice. *See* 2013 Advisory Committee Note to Fed. R. Civ. P. 45(f) ("If the motion is transferred, judges are encouraged to

11

permit telecommunications methods to minimalize the burden a transfer imposes on nonparties, if it is necessary for attorneys admitted in the court where the motion is made to appear in the court in which the action is pending.").

Given that such alternative means were contemplated by the Advisory Committee as early as 2013, and with the proliferation of remote and telephonic hearings during the COVID-19 pandemic, SISCO can hardly argue that it would be burdened by attending proceedings in the Florida court, which has been conducting all hearings telephonically in this case. *See In re Syngenta AG MIR162 Corn Litig.*, 2020 WL 5988498, at *6 (D. Minn. Oct. 9, 2020) (noting that, because the issuing court "routinely held hearings . . . telephonically or by live video feed—no doubt with greater frequency during the COVID-19 pandemic— . . . it seems unreasonable to doubt [its] willingness to do so in this instance"). "Thus, it is doubtful that transfer will necessitate additional travel for [SISCO and its] counsel, significantly diminishing any resulting burden." *Id.* Additionally, compliance with the subpoena also would impose no burden on SISCO related to litigating the Motion to Quash in the Southern District of Florida. Memorial seeks only to compel an electronic production of documents. No deposition is currently contemplated.

Accordingly, addressing the Motion to Quash in Florida will impose no burden on SISCO. Exceptional circumstances therefore exist to transfer the motion to the Southern District of Florida.

**II.     In The Alternative, The Court Should Deny SISCO's Motion To Quash**

This Court should transfer the Motion to Quash under Rule 45(f) without addressing SISCO's arguments raised therein. But should the Court deny transfer and consider SISCO's arguments, in an abundance of caution and to avoid a waiver of any rights, Memorial hereby responds in substance to the Motion to Quash.

Rule 45(c)(3)(A) provides that a court must either "quash *or* modify" a subpoena that:

12

>(i) fails to allow a reasonable time to comply;
>
>(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
>(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
>(iv) subjects a person to undue burden.

(Emphasis added). SISCO argues the subpoena should be quashed because it violates each of the foregoing provisions. As shown below, the subpoena should be modified in part consistent with Memorial's stipulations. Otherwise, the Motion to Quash should be denied.

### A. The Southern District Of Florida Has Entered A HIPAA-Qualified Protective Order

Covered entities, like SISCO, may disclose information protected by HIPAA pursuant to a subpoena when they receive satisfactory assurance "from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section." 45 C.F.R. § 164.512(e)(1)(ii)(B). A qualified protective order satisfies the requirements of paragraph (e)(1)(v) when it meets two conditions:

>(A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and
>
>(B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

*Id*. § 164.512(e)(1)(v).

As set forth above, *see* pp. 7–10, *supra*, the Florida court has already entered a comprehensive HIPAA Order that satisfies Section 164.512(e)(1)(v) and, in turn, addresses the privacy concerns raised by SISCO. Nothing more is required. SISCO has cited no authority to the

13

contrary, relying instead on a string of irrelevant cases where no HIPAA-qualified protective order had been sought or entered by the party seeking the information.

Accordingly, the subpoena should not be quashed on the ground that it seeks information protected by HIPAA.

### B. SISCO Failed To Substantiate Its Undue Burden Objection

SISCO carries the burden of persuasion to establish that the subpoena imposes an undue burden. *Ferrell v. IBP, Inc.*, 2000 WL 34032907, at *1 (N.D. Iowa Apr. 28, 2000). Whether a subpoena is unduly burdensome depends on "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 53 (S.D.N.Y. 1996). Each factor militates in favor of finding no undue burden.

The information Memorial seeks—denial codes and detailed payment information for only ELAP claims—is highly relevant. Information concerning the denial codes is relevant to identifying which claims are included in the underlying putative nationwide class action. And the payment information is relevant to establishing the class members' damages. The temporal scope of the subpoena is limited to 2016 to the present to coincide with the statute of limitations on the causes of action brought by Memorial. And Memorial must obtain this information through non-party discovery because, according to ELAP, the information is exclusively in the possession of various third-party administrators affiliated with ELAP throughout the country, including SISCO. Simply put, the subpoena was narrowly tailored to seek only that information which is necessary for Memorial to prosecute its class action.

14

As for the burden imposed, SISCO has not provided an estimate on the number of hours it would take to comply with the subpoena or how much compliance would cost. Boilerplate assertions of undue burden are not enough to quash a subpoena. *Ferrell*, 2000 WL 34032907, at *1 ("Mere assertions that compliance would be burdensome are insufficient to satisfy [the movant's] burden." (citing 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (2d ed.1995))). Because SISCO failed to substantiate its undue burden objection, the Motion to Quash on this basis should be denied. *Id.* (denying motion to quash where movant failed to substantiate undue burden objection).

### C. SISCO's Trade Secret and Confidentiality Objections Are Unfounded

SISCO also objected on the ground that compliance with the subpoena would require disclosure of its "confidential business information and trade secrets, specifically, [SISCO's] customer lists and details about the size and location of [SISCO's] customers." Doc. 1-1 at 18. The only concern raised by SISCO with respect to this information, however, is that unidentified "others" may gain access to this information and obtain a competitive advantage over SISCO. But the Confidentiality Order discussed above, *see* pp. 7–10, *supra*, addresses these concerns. Confidentiality concerns thus do not require quashing the subpoena.

### D. SISCO Is Not Entitled To Sanctions

SISCO asks this Court to impose sanctions under Rule 26(g) because the subpoena purportedly violates "Rules 26(g)(1)(B)(ii) and (iii) relating to certification of the good faith nature of the document requests." Doc. 1-1 at 21. SISCO's argument is without merit.

On Rule 26(g)(1)(B)(ii), the Court must find that the subpoena was interposed for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of

15

litigation[.]" Fed. R. Civ. P. 26(g)(1)(B)(ii). SISCO argues Memorial violated this provision because it is "very likely" the subpoenas issued to third-party administrators were for the purpose of harassing ELAP. SISCO is wrong. Memorial only served the subpoenas because *ELAP* advised this information was exclusively in the possession of various third-party administrators affiliated with ELAP throughout the country.

As for Rule 26(g)(1)(B)(iii), the Court must find that counsel for Memorial issued the subpoena knowing it was "unreasonable [or] unduly burdensome [or] expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." Fed. R. Civ. P. 26(g)(1)(B)(iii). Based on all the arguments set forth above, Memorial had a substantial justification for issuing the subpoena. SISCO's request for sanctions should be denied.

### E. Memorial Has Agreed To Modify The Temporal And Geographical Requirements Of The Subpoena

Memorial has advised SISCO that it is willing to modify the temporal and geographical requirements of the subpoena to resolve SISCO's concerns. On the former, although there is nothing facially unreasonable with providing a non-party nearly a month to comply with two document requests, Memorial agrees that SISCO should be provided a reasonable time within which to comply. As to the geographical requirement, Memorial presently seeks only the production of documents without a deposition and has no issue with those documents being produced electronically. Under these circumstances, the Court should exercise its discretion and modify the subpoena instead of quashing it.

## CONCLUSION

For the foregoing reasons, the Court should transfer SISCO's Motion to Quash (Doc. 1) to the United States District Court for the Southern District of Florida. In the alternative, the Motion to Quash should be denied.

Dated: October 20, 2021

Tal J. Lifshitz (*pro hac vice* forthcoming)
KOZYAK TROPIN &
THROCKMORTON LLP
2525 Ponce de Leon Blvd., 9th Floor
Miami, FL 33134
(305) 372-1800
tjl@kttlaw.com

Respectfully submitted,

/s/ *Stephanie G. Techau*
Stephanie G. Techau (AT0007885)
Ethan Olson (AT0012761)
NYEMASTER GOODE, P.C.
625 First Street SE, Suite 400
Cedar Rapids, IA 52401
(319) 286-7000
sgtechau@nyemaster.com
eolson@nyemaster.com

*Counsel for South Broward Hospital District*