UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-mc-62463-AHS

RELATED CASE NO.: 20-cv-61007-SINGHAL/VALLE

SOUTH BROWARD HOSPITAL DISTRICT,
D/B/A MEMORIAL HEALTHCARE SYSTEM,
on its own behalf and on behalf of other similarly
situated healthcare facilities,

    Plaintiff,

v.

ELAP SERVICES, LLC, a Pennsylvania limited
liability company, and GROUP & PENSION
ADMINISTRATORS, INC., a Texas corporation,

    Defendants.
_____/

**PLAINTIFF SOUTH BROWARD HOSPITAL DISTRICT'S RESPONSE
TO PETITIONER SELF INSURED SERVICES COMPANY'S MOTION TO STAY
PENDING APPEAL AND INCORPORATED REQUEST FOR STATUS CONFERENCE**

Respondent, South Broward Hospital District, d/b/a Memorial Healthcare System ("Memorial"), asks this Court to resolve the frivolous and dilatory Motion to Stay ("Motion") (D.E. 30) filed by Self Insured Services Company ("SISCO"), and allow the parties in the related litigation to move forward with the substantive case at issue.

Memorial served narrowly tailored subpoenas on SISCO and other third-party administrators affiliated with Defendant ELAP Services, LLC ("ELAP"). The subpoenas — served in September 2021 — contain essentially one request that directly bears on class certification issues in the related case pending before this Court. Any issues could have been resolved with a phone call. Rather than meet and confer on the subpoenas, SISCO and ELAP's other third-party

administrators engaged in a coordinated scheme to harass Memorial and multiply these proceedings beyond the related case. They filed five motions — in five different federal district courts across the country— seeking to quash Memorial's identical subpoenas. The motions were materially identical, were filed by the same counsel (who represents SISCO before this Court), and raised the same baseless arguments.

Three of the five courts have already agreed with Memorial that these are precisely the "exceptional circumstances" required to transfer a subpoena-related motion pursuant to Federal Rule of Civil Procedure 45(f). Now that SISCO and the other third-party administrators' scheme is unraveling, they are employing additional methods to cause further delay. SISCO appealed the transfer of its motion to quash to the Eighth Circuit and then moved this Court to stay proceedings on its motion to quash pending the appeal. Another third-party administrator has also appealed a similar transfer order that has also been transferred to this Court. These appeals — and the motion to stay before this Court — are meritless; nothing more than a continuation of SISCO's, the related entities', and their counsels' efforts to delay run-of-the-mill discovery issues that could have been resolved with a good faith phone call, and evade responsibility for their "unreasonabl[e] and vexatious[]" multiplication of proceedings across the country.[1]

Enough is enough. For the reasons detailed below, SISCO's motion to stay should be denied and the Court should set a status conference to establish and implement a schedule to promptly resolve this long-standing dispute.

---

[1] *See* 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

## BACKGROUND

A.     **Nature Of The Underlying Litigation**

This third-party discovery proceeding transferred from the Northern District of Iowa concerns a Rule 45 subpoena issued by this Court compelling SISCO to produce documents for use in a class action lawsuit currently pending in this Court. *S. Broward Hosp. Dist. v. ELAP Servs., LLC*, No. 20-cv-61007-SINGHAL/VALLE (S.D. Fla) (the "Underlying Action"). The Underlying Action concerns an unfair and deceptive scheme designed by Defendants ELAP and Group & Pension Administrators, Inc. ("GPA") (together, "Defendants"), to steal tens of millions of dollars off the backs of hospitals and healthcare facilities. Working together, Defendants systematically underpay healthcare providers in Florida and around the country through ELAP's arbitrary, uniform, and unilateral use of a healthcare claim reimbursement model known as "Reference Based Pricing" — which pays providers a fraction of the reasonable value of their services.

On December 3, 2021, this Court declined to dismiss the Underlying Action or strike Memorial's class allegations. *S. Broward Hosp. Dist. v. ELAP Servs., LLC*, 2020 WL 7074645 (S.D. Fla. Dec. 3, 2020). The Court held that Memorial's "extensive and detailed argument" as to how Defendants' scheme is unfair and deceptive was "compelling" and raised "'question[s] of fact for the jury to determine.'" *Id.* at *6. This Court further concluded that Defendants' attempt to dismiss Memorial's class allegations was "premature" because "'the shape and form of a class action evolves only through the process of discovery.'" *Id.* at *11.

Memorial and Defendants are now engaged in extensive discovery, with an Initial Discovery Deadline set for September 16, 2022, and a deadline for Memorial to file its class certification motion set for October 22, 2022. Underlying Action (D.E. 94).

3

### B. Memorial's Subpoenas To Third-Party Administrators

Through discovery, Memorial learned from ELAP that medical denial codes and detailed claims payment information, both of which are relevant to identifying class members and formulating a damages model, were in the exclusive possession of various third-party administrators — like SISCO — that are affiliated with ELAP. So Memorial served narrowly targeted subpoenas to each of these administrators, including SISCO, requesting a report that includes this critical information. (A copy of the SISCO subpoena is attached to SISCO's Motion to Quash. (D.E. 1 Ex. B)).

### C. Without Conferring, SISCO And Other Third-Party Administrators File Motions To Quash In Several Federal District Courts

On September 14, 2021, SISCO initiated the instant proceeding in the Northern District of Iowa by filing its Motion to Quash (D.E. 1). At no point prior to filing the Motion to Quash did SISCO or its counsel contact Memorial to raise concerns with any of subpoenas. That very week, four other related third-party administrators filed similar motions to quash — so similar that they are near carbon copies of each other — in federal district courts throughout the country. *See In re Subpoena of S. Broward Hosp. Dist.*, No. 21-mc-9, D.E. 1 (D. Mont) (filed Sept. 13, 2021); *Integrity Health Adm'rs LLC*, No. 21-cv-16871, D.E. 1 (D.N.J.) (filed Sept. 13, 2021);[2] *In re Subpoena of S. Broward Hosp. Dist.*, No. 21-mc-2663, D.E. 1 (E.D.N.Y.) (filed Sept. 15, 2021); *In re Subpoena of S. Broward Hosp. Dist. Litig. Subpoena Issued to Trustmark Health Benefits Inc.*, Doc. 1 (N.D. Ill.) (filed Sept. 16, 2021) ("*N.D. Ill. Subpoena*").

EBMS, one of these third-party adminstrators, is actually an ELAP affiliate who shares

---

[2] The parties have since resolved the New Jersey matter, and stipulated to withdrawal of Plaintiff's subpoena and the motion to quash.

common ownership with Defendants ELAP and GPA. *See* ELAP_0008308;[3] *see also* Ex. A. None of these third-party administrators contacted Memorial to resolve their concerns with the subpoenas prior to filing their motions to quash. An additional motion to quash was filed on November 16, 2021, in the District of Utah. *See MBA Benefit Adm'rs, Inc. v. S. Broward Hosp. Dist.*, D.E. 1 (D. Utah).

SISCO and the four other third-party administrators that filed motions to quash are represented by the same counsel. Memorial filed motions to transfer each of the motions to quash to this Court. As explained below, two such motions to quash have now been transferred to this Court and a third motion to transfer was granted in a magistrate judge's order but may be subject to objections.

### D.  The Northern District of Illinois

On September 24, 2021, the Northern District of Illinois *sua sponte* directed the parties to brief whether the motion to quash filed by a third-party administrator in that court should be transferred to this Court. *N.D. Ill. Subpoena*, D.E. 10, attached as Ex. B. The Illinois Court observed that "it might make a great deal of sense to transfer th[e] motion to the issuing court." *Id.* The Illinois Court explained that "[t]he presiding court will have a much, much better handle on the discoverability of the information and records sought, and its importance to the proposed class action." *Id.* The Illinois Court further recognized that, "with remote appearances now commonplace and cost-effective, typically there is no downside involved in litigating the dispute in the issuing court." *Id.* Indeed, each of the discovery hearings to date in the Underlying Action have proceeded telephonically, rendering any arguments of "downside" by that third-party

---

[3]   This document was designated confidential by ELAP. In lieu of filing the document under seal, Memorial will make it available to the Court upon request.

administrator as groundless as its substantive arguments, which have already been rejected by this Court. *Id.* The parties have briefed the issue of whether to transfer the Illinois motion to quash to this Court and are awaiting a ruling from the Illinois Court.

### E. The Northern District Of Iowa's Transfer Order

On October 20, 2021, Memorial moved the Northern District of Iowa to transfer to this Court a motion to quash filed by SISCO pursuant to Federal Rule of Civil Procedure 45(f). (D.E. 11). Rule 45(f) provides that, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion . . . to the issuing court . . . if the court finds exceptional circumstances."

On December 7, 2021, the Northern District of Iowa issued an order transferring SISCO's motion to quash to this Court. *S. Broward Hosp. Dist. v. ELAP Services, LLC*, 2021 WL 5967677 (N.D. Iowa Dec. 7, 2021) ("*Iowa Transfer Order*"). This Court received the *Iowa Transfer Order* and docket sheet the same day. *S. Broward Hosp. Dist. v. ELAP Services, LLC*, No. 21-mc-62463-AHS (D.E. 16).

On December 10, 2021, SISCO appealed the *Iowa Transfer Order* to the U.S. Court of Appeals for the Eighth Circuit. Ex. C. The Eighth Circuit docketed SISCO's appeal three days later. *In re: Self Insured Services*, No. 21-3831 (8th Cir.).

On December 27, 2021, Memorial filed a motion to dismiss in the Eighth Circuit seeking to dismiss SISCO's appeal for lack of jurisdiction. Ex. D. The next day, the Eighth Circuit suspended the briefing scheduling on SISCO's appeal pending disposition of Memorial's motion to dismiss for lack of jurisdiction. Ex. E. And on January 6, 2021, SISCO filed a response in the Eighth Circuit opposing Memorial's motion to dismiss SISCO's appeal for lack of jurisdiction.

6

Ex. F. Memorial filed a reply in support of its motion on January 13, 2022. Ex. G. Memorial and SISCO are now awaiting a ruling from the Eighth Circuit.

### F.  The Eastern District Of New York's Transfer Order

On October 20, 2021, Memorial moved the Eastern District of New York to transfer to this Court a motion to quash filed by American Plan Administrators ("APA"). (D.E. 7). On December 22, 2022, following a hearing, the New York Court issued an order transferring APA's motion to quash to this Court. *See Am. Plan Adm'rs v. S. Broward Hosp. Dist.*, 2021 WL 6064845 (E.D.N.Y. Dec. 22, 2021) ("*New York Transfer Order*").

On December 30, 2021, APA appealed the *New York Transfer Order* to the U.S. Court of Appeals for the Second Circuit. Memorial intends to file a motion to dismiss that appeal for lack of jurisdiction on the same grounds asserted in the Eighth Circuit but under Second Circuit jurisprudence.

### G.  The District Of Utah's Transfer Order

On November 30, 2021, Memorial moved to transfer a motion to quash filed by MBA Benefit Administrators ("MBA") to this Court pursuant to Rule 45(f). Following a hearing on January 13, 2022, Magistrate Judge Bennett issued an order transferring MBA's motion to quash to this Court. *MBA Benefits Admr's, Inc. v. S. Broward Hosp. Dist.*, No. 21-mc-677 (D. Utah) ("*Utah Transfer Order*"), attached as Ex. H. Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72-3 of the District of Utah, MBA has until January 28, 2022, to file objections with the district judge. *Id.* at 5. If MBA does not file an objection to the *Utah Transfer Order*, its motion to quash will be transferred to the Southern District of Florida on January 28, 2022. *Id.*

7

### H. The Proceedings In This Court

Following the transfer of this action, on December 21, 2021, counsel for Memorial advised counsel for SISCO (and APA) that it would be filing a status report on the procedural posture of SISCO's motion to quash and invited SISCO to join in the status report. *See* Ex. I. Counsel for SISCO agreed and Memorial provided a draft of the joint status report on the afternoon of January 6, 2022. *Id*. Minutes later, SISCO's local counsel contacted counsel for Memorial requesting Memorial's position on a stay of the *Iowa Transfer Order* and the *New York Transfer Order*. *See* Ex. J.

Despite the parties' agreement to file a joint status report, SISCO and APA advised that they would preemptively file their motions to stay and refused to file the motions to stay simultaneously with the joint status report the following Monday. *Id*. On January 7, 2022, APA and SISCO moved to stay the transfer orders. (D.E. 30); *In re: Subpoena of South Broward Hospital District*, No. 21-mc-62550-AHS (D.E. 30).

### ARGUMENT

### I. The Court Should Deny SISCO's Motion To Stay Pending Appeal

"Motions to stay pending appeal are disfavored and are granted only in exceptional circumstances." *Fla. Transp. Serv., Inc. v. Miami-Dade Cnty.*, 2008 WL 11403197, at *1 (S.D. Fla. June 30, 2008); *see also Nken v. Holder*, 556 U.S. 418, 427 (2009) (explaining that a stay pending an appeal is an "intrusion into the ordinary processes of administration and judicial review, and accordingly "is not a matter of right, even if irreparable injury might otherwise result to the appellant"). "A party seeking a stay pending appeal must show (1) likelihood of success on the merits of the appeal, (2) irreparable injury to the appellant absent a stay, (3) lack of substantial prejudice to the appellee, and (4) the stay would serve the public interest." *SEC v. Nat'l Diamonds*

8

*Inv. Co.*, 493 F. Supp. 3d 1260, 1262 (S.D. Fla. 2020). "A stay will be denied if the party fails to establish any of these factors." *Id*. at 1263.

"Normally, a failure to satisfy the first factor in a motion for stay pending appeal dooms the motion." *In re Freedom Unlimited*, 489 F. Supp. 3d 1328, 1338 (S.D. Fla. 2020). Absent a likelihood of success on appeal, a stay may be granted upon showing "a substantial case on the merits presented by the appeal" but only "if the balance of the equities weighs heavily in favor of granting the stay." *Nat'l Diamonds Inv. Co.*, 493 F. Supp. 3d at 1262–63. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *In re Victoria, LLC*, 2019 WL 11025857, at *3 (S.D. Fla. Feb. 27, 2019).

SISCO has not satisfied the heavy burden of showing that a stay is justified here. As a threshold matter, SISCO has neither a likelihood of success on its appeal of the *Iowa Transfer Order* nor a substantial case on the merits. The Court thus need not analyze the remaining factors. But even if there was a substantial case on the merits (there is not), the balance of equities does not weigh heavily in favor of a stay. SISCO failed to establish (1) that it will suffer irreparable harm absent a stay, (2) that Memorial will suffer no prejudice if a stay is granted, or (3) that a stay will serve the public interest. For these reasons, as detailed below, the Motion must be denied.

      **A.    SISCO Failed To Demonstrate A Substantial Likelihood Of Success On Appeal**

The appeal at issue concerns a discovery order transferring SISCO's Motion to Quash from the Northern District of Iowa to this Court. SISCO concedes this is an interlocutory appeal because the only basis cited for its appeal is the collateral order doctrine. (Motion at 3-4.) "A stay pending an interlocutory appeal, however, is not always automatic. In particular, a stay need not be granted at the outset if the appeal is frivolous." *Licea v. Curacao Drydock Co.*, 870 F. Supp. 2d 1360, 1366 (S.D. Fla. 2012).

SISCO's appeal of the *Iowa Transfer Order* is frivolous for three reasons. First, the Eighth Circuit was divested of appellate jurisdiction when the *Iowa Transfer Order* and case file were transferred to this Court. Second, the *Iowa Transfer Order* is not subject to immediate appeal under the collateral order doctrine. Third, SISCO has not shown (and cannot show) that transferring the Motion to Quash to this Court was an abuse of discretion. SISCO accordingly failed to demonstrate a substantial case on the merits of its appeal, let alone a likelihood of success on the merits.

1. *The Eighth Circuit lacks appellate jurisdiction*

The Eighth Circuit was divested of jurisdiction when this Court received the *Iowa Transfer Order* and case file. The Eighth Circuit "generally do[es] not exercise jurisdiction over transfer orders." *Midwest Motor Exp., Inc. v. Cent. States Se.*, 70 F.3d 1014, 1016 (8th Cir. 1995). For example, in the context of venue transfers under 28 U.S.C. § 1404, "[i]t is well established that the transferor court under § 1404 loses all jurisdiction over a case once transfer has occurred." *In re Flight Transp. Corp. Secs. Litig.*, 764 F.2d 515, 516 (8th Cir. 1985) (citing *In re Nine Mile Ltd.*, 673 F.2d 242, 243 (8th Cir. 1982)). The Eighth Circuit has consistently "'take[n] the view that the physical receipt of the file in the transferee court is the event that signals the end of jurisdiction in the transferor court.'" *Integrated Health Servs. of Cliff Manor, Inc. v. THCI Co.*, 417 F.3d 953, 957 (8th Cir. 2005) (quoting *Midwest Motor Exp.*, 70 F.3d at 1016). Thus, "when a case file is physically transferred to another court, it divests [the appellate] court of jurisdiction." *Id.* (citing *In re Nine Mile Ltd.*, 673 F.2d at 244).[4]

---

[4] In the related context of transfer orders under 28 U.S.C. § 1406(a), "[a]n order by a District Court transferring an action to another district is an interlocutory order and is nonappealable." *Fischer v. First Nat'l Bank of Omaha*, 466 F.2d 511, 511 (8th Cir. 1972) (per curiam).

10

These principles — which should apply with equal force in the context of transfers of subpoena-related motions under Federal Rule of Civil Procedure 45(f) — require dismissal of the appeal. The *Iowa Transfer Order* and case, which comprise the complete case file in the proceedings, were electronically transferred to and received by this Court before SISCO filed its appeal. SISCO did not seek a stay of the *Iowa Transfer Order*. Nor did SISCO take any other action to preserve the Iowa Court's jurisdiction before appealing the *Iowa Transfer Order* to the Eighth Circuit.

Accordingly, because the Iowa Court was divested of jurisdiction on December 7, 2021 — three days before SISCO filed its notice of appeal — the Eight Circuit lacks jurisdiction, and the appeal should be dismissed.

      2.    *The* Iowa Transfer Order *is not subject to immediate appeal*

The Eighth Circuit also lacks jurisdiction over the *Iowa Transfer Order* because it is a non-final, non-appealable discovery order. "In general, courts of appeals 'have jurisdiction of appeals from all final decisions of the district courts of the United States.'" *Jensen v. Minn. Dep't of Human Servs.*, 897 F.3d 908, 912 (8th Cir. 2018) (quoting 28 U.S.C. § 1291). "[O]rdinarily discovery orders in pending cases are interlocutory and not subject to immediate appeal." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999). Thus, appellate review of pretrial discovery orders is "'generally denied.'" *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108 (2009); *see also* 15B Wright, Miller, & Cooper, *Federal Practice & Procedure* § 3914.23 (2d ed.) ("[T]he rule remains settled that most discovery rulings are not final."). The Eighth Circuit holds the same view on transfer orders and "generally do[es] not exercise jurisdiction over transfer orders." *Midwest Motor Exp.*, 70 F.3d at 1016; *see, e.g.*, *U.S. Fire Ins. Co. v. Am. Fam. Life Assurance Co. of Columbus*, 787 F.2d 438, 439 (8th Cir. 1986).

Despite these settled principles, SISCO argues that the Eighth Circuit has appellate jurisdiction pursuant to the collateral order doctrine. "Jurisdiction is proper under that doctrine if the order appealed from '(1) conclusively determines a disputed issue; (2) which is an important issue completely separate from the merits; and (3) is *effectively unreviewable* on appeal from a final judgment.'" *Id.* (emphasis in original; quoting *Alpine Glass, Inc. v. Ill. Farmers Ins. Co.*, 531 F.3d 679, 684 (8th Cir. 2008)). The *Iowa Transfer Order* does not satisfy even one, let alone all three of these factors.

SISCO argues the first prong of the collateral order doctrine is satisfied because the *Iowa Transfer Order* conclusively determines the issue of the venue where its Motion to Quash should be resolved. But the question of venue has not been conclusively determined. SISCO has not asked this Court to retransfer its Motion to Quash to the Northern District of Iowa. In the context of other transfer orders, the Eighth Circuit and the Eleventh Circuit have both held that a transferee court may review the propriety of transfer if a motion to retransfer was filed, and the propriety of the retransfer order could be reviewed in the transferee circuit, leaving open the possibility that SISCO could litigate its motion to quash in the Northern District of Iowa, with a subsequent appeal to the Eighth Circuit, or appeal a denial of retransfer to the Eleventh Circuit. *See In re Nine Mile Ltd.*, 673 F.2d at 244 n.5 (party opposing transfer may "seek[] retransfer in the transferee court . . . which may be reviewed in the transferee circuit"); *Roofing & Sheet Metal Servs. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 989 (11th Cir. 1982) ("[A] motion to retransfer in the transferee court is an appropriate means of preserving for appeal any objection to a transfer between circuits."); *see also* 15 Wright, Miller, & Freer, *Federal Practice & Procedure* § 3846 (4th ed.) ("A motion to retransfer the action may be made in the transferee court and the ruling on that motion is reviewable in the

court of appeals in which the transferee district court sits."). The third prong of the test, whether or not an order is effectively unreviewable, is not satisfied for the same reason.

The *Iowa Transfer Order* also fails to present "important questions" that justify immediate appeal. "[D]iscovery orders generally do not present 'important questions' warranting collateral review." *Drummond Co., Inc. v. Terrance P. Collingsworth, Conrad & Scherer, LLP*, 816 F.3d 1319, 1322 (11th Cir. 2016). Discovery orders will not be reviewed under the collateral order doctrine even if they "implicate important constitutional and due process questions regarding service of subpoenas," *Cola Filho v. Mubarak*, 2019 WL 6699685, at *2 (S.D. Fla. Dec. 9, 2019), or require the disclosure of thousands of pages of documents allegedly protected by the attorney-client privilege, *Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 162–63 (2d Cir. 1992). Moreover, orders denying a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) do not "'fall within the ambit of the collateral order doctrine.'" *United Disaster Response, LLC v. Omni Pinnacle, LLC*, 511 F.3d 476, 482 (5th Cir. 2007) (brackets omitted). It would be illogical to hold that delaying review until final judgment is insufficiently important in the foregoing contexts but is in the context of challenges to venue under Rule 45(f). Notably, SISCO offers no explanation for why the *Iowa Transfer Order* raises important questions requiring immediate review.

In sum, the Eighth Circuit does not have appellate jurisdiction over the *Iowa Transfer Order* under the collateral order doctrine and SISCO has no chance of success on appeal.

      3.    *SISCO has not established that transfer was an abuse of discretion*

Even if the *Iowa Transfer Order* were subject to immediate appellate review (it is not), there is no likelihood of success or a substantial case on the merits of the appeal. "A district court is afforded wide discretion in its handling of discovery matters, and its decisions will be upheld

13

unless, in the totality of the circumstances, its rulings are seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." *Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988). "This review is 'extremely limited and highly deferential.'" *In re Victoria, LLC*, 2019 WL 11025857, at *4. SISCO has failed to show that the Iowa Court grossly abused its discretion by transferring the Motion to Quash to this Court.

SISCO argues it will prevail on appeal because there was no evidence to support a finding of exceptional circumstances. For support, SISCO argues that (1) there was no hearing and (2) the only evidence in the record was an affidavit attached to its Motion to Quash. But no hearing was necessary because the facts the Iowa Court relied on were undisputed. *See Fraserside IP L.L.C. v. Gamma Ent., Inc.*, 2012 WL 1155682, at *13 (N.D. Iowa Apr. 5, 2012) (holding, in the context of Rule 12(b)(3) motion to dismiss for improper venue, that no hearing was necessary when the facts relating to venue were not genuinely in dispute).

"[T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Iowa Transfer Order*, 2021 WL 5967677, at *2 (quoting Fed. R. Civ. P. 45(f) advisory committee's notes to 2013 amendment). The Iowa Court found that exceptional circumstances were present because "similar motions to quash are pending in multiple federal district courts[.]" *Id*. The record substantially supported this finding. Memorial argued in its motion to transfer that the SISCO subpoena and SISCO's motion to quash were materially identical to the motions to quash identical subpoenas filed by four other third-party administrators in four different federal district courts. (D.E. 11-1 at 1-2, 4-5, 11). SISCO never disputed this fact.

The Iowa Court thus did not grossly abuse its discretion in transferring the Motion to Quash to this Court. And SISCO accordingly cannot establish it has a substantial case on the merits of the appeal, let alone a likelihood of success.

### B.  There Is No Risk That SISCO Will Suffer Irreparable Harm If This Court Resolves The Motion to Quash

"Notably, a showing of some possible irreparable injury is insufficient; instead, a litigant must show a substantial likelihood that it will be injured absent a stay." *In re Freedom Unlimited*, 489 F. Supp. 3d at 1338. SISCO has not established a substantial likelihood that it will be irreparably injured absent a stay. SISCO cites three potential injuries that may arise absent a stay. (Motion at 5.) None has merit.

SISCO first argues that the *Iowa Transfer Order* will be effectively unreviewable. Stated differently, SISCO contends that the transfer issue will be rendered moot absent a stay. However, as explained above, the *Iowa Transfer Order* will not be unreviewable if this Court proceeds on the Motion to Quash. *See supra*, § I.A.2. Beyond that, even assuming the *Iowa Transfer Order* would be effectively unreviewable, courts in the Eleventh Circuit consistently hold that the "risk of mootness" does not constitute irreparable harm. *In re Furstenberg Fin. SAS*, 2016 WL 10880228, at *1 (S.D. Fla. Sept. 30, 2016) (denying motion to stay based on risk that appeal would be rendered moot because "a majority of courts have held that a risk of mootness, standing alone, does not constitute irreparable harm, and [the movant] has not endeavored to show that the Eleventh Circuit embraces the minority view" (cleaned up)); *In re Victoria, LLC*, 2019 WL 11025857, at *4 (rejecting argument that "the deprivation of an effective appellate remedy would, in and of itself, establish irreparable harm").

SISCO next argues that it will lose its purported "right" to have the Motion to Quash resolved in the Northern District of Iowa. SISCO asserts that it "will lose its right, conferred by

15

Rule 45 Fed. R. Civ. P., to be heard in its home venue[.]" (Motion at 6.) The plain language of Rule 45 forecloses that argument. Rule 45(f) expressly provides that a subpoena-related motion, like the Motion to Quash, may be transferred over the objection of the subpoenaed party. Litigating the Motion to Quash in this Court thus cannot constitute an irreparable injury to SISCO.

Finally, SISCO alleges that the citizens residing in the Northern District of Iowa will also lose the purported right to have their privacy interests resolved in SISCO's home venue. But SISCO has not identified any material differences between Iowa privacy laws and federal HIPAA protections or any reason why this Court could not interpret and apply Iowa law if necessary. Beyond that, SISCO has no standing to assert the privacy rights of third parties. *See Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 694 (S.D. Fla. 2011) (holding that, "under the traditional rules of *jus tertii* jurisprudence," a party lacks standing to object to discovery because of the privacy rights of non-parties).

Because SISCO failed to establish it will suffer an irreparable harm, this factor weighs in favor of denying a stay.

   **C.**  **Memorial Will Suffer Substantial Harm If A Stay Is Granted**

Memorial will suffer substantial harm in the form of continued delays if a stay is granted. SISCO attempts to downplay this harm by arguing Memorial "will simply have to wait for the Eighth Circuit Court of Appeals to render its decision regarding the Appeal." (Motion at 6.) This ignores the substantial delays already caused by the extensive litigation surrounding the subpoena compliance from SISCO and the other third-party administrators represented by the same counsel.

This class action has been pending for more than 20 months. And nearly four months have passed since the discovery at issue was served. That discovery bears directly on several class certification issues. With a deadline of October 22, 2022, to move for class certification, Memorial

16

cannot afford further delays in determining whether SISCO must provide the information Memorial seeks and in what form it will be produced. And there is no guarantee that the Eighth Circuit will resolve the appeal before the September 16, 2022, discovery deadline.

"[J]ustice delayed is justice denied[.]" *Hyde v. Irish*, 962 F.3d 1306, 1309 (11th Cir. 2020). Memorial will thus suffer substantial harm if a stay is granted. *See In re Freedom Unlimited*, 489 F. Supp. 3d at 1339 (denying motion to stay where non-moving party would be harmed by delays in prosecuting its case); *In re Gyptec S.A.*, 2017 WL 10978838, at *2 (S.D. Fla. Nov. 2, 2017) (finding a stay would cause further delays and harm the non-moving party). The third factor accordingly tips in favor of denying a stay.

### D. A Stay Will Not Serve The Public Interest

Finally, SISCO has not adequately explained how its sought-after stay would serve the public interest. "In analyzing this final factor, courts focus on whether the stay would promote the uniformity of the laws or the interests of third parties." *In re Freedom Unlimited*, 489 F. Supp. 3d at 1339. Neither is implicated here.

SISCO relies on a lack of Eighth Circuit precedent on the standard for transferring a motion under Rule 45(f) and the appealability of a related order and, in turn, argues that the appeal will provide "much needed clarification" for the parties and "also other similarly situated litigants and prospective litigants." (Motion at 6). But SISCO has provided no factual or legal basis to support its argument that Eighth Circuit precedent on these issues is "much needed." SISCO has pointed to no cases or scholarly authority that suggest federal district courts anywhere in the country, let alone within the Eighth Circuit, have any difficulty with determining the standard applicable to Rule 45(f) motions to transfer, or that this is a frequently recurring issue that requires immediate resolution.

Simply put, there is no public interest implicated in a dispute between private parties about the venue where a motion to quash a subpoena should be resolved. The final factor and the balance of equities thus weigh heavily in favor of denying the stay.

## II.     Request For Status Conference

Memorial requests that the Court schedule a status conference in this matter, to be held contemporaneously with a status conference in *In re: Subpoena of South Broward Hospital District*, No. 21-mc-62550-AHS. Both actions involve subpoenas served in September 2021 on third-party administrators who are represented by the same counsel. A status conference is necessary to establish and implement a schedule for resolving the pending motions to quash, so that Memorial can timely proceed with discovery and class certification in the Underlying Action.

## CONCLUSION

For the foregoing reasons, Memorial respectfully requests that the Court deny the Motion and schedule a status conference.

## REQUEST FOR HEARING

Memorial believes a hearing is warranted on SISCO's Motion to Stay due to the importance of the issues presented and their impact on the prosecution of the Underlying Action. A hearing will assist the Court in resolving the issues raised in SISCO's Motion to Stay. Memorial estimates that the Parties will require approximately thirty minutes of argument.

Dated: January 21, 2022                    Respectfully submitted,

/s/ *Benjamin J. Widlanski*
**Benjamin J. Widlanski, Esq.**
bwidlanski@kttlaw.com
Fla. Bar. No. 1010644
**Tal J. Lifshitz, Esq.**
tjl@kttlaw.com
Fla. Bar No. 99519
**Michael R. Lorigas, Esq.**
mlorigas@kttlaw.com
Fla. Bar No. 123597
**Eric S. Kay, Esq.**
ekay@kttlaw.com
Fla. Bar No. 1011803

**KOZYAK TROPIN & THROCKMORTON LLP**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
(305) 372-1800