No. 21-3831

# In the United States Court of Appeals for the Eighth Circuit

—————

IN RE: SELF INSURED SERVICES,

*Interested Party-Appellant*.

—————

SOUTH BROWARD HOSPITAL DISTRICT,

*Plaintiff-Appellee*,

v.

ELAP SERVICES, LLC, AND
GROUP & PENSION ADMINISTRATORS, INC.,

*Defendants*.

—————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

—————

**PLAINTIFF-APPELLEE'S MOTION TO DISMISS APPEAL FOR LACK
OF JURISDICTION AND TO STAY BRIEFING**

—————

STEPHANIE G. TECHAU
ETHAN S. OLSON
NYMASTER GOODE, P.C.
625 First Street SE, Suite 400
Cedar Rapids, IA 52401
(319) 286-7000

TAL J. LIFSHITZ
ERIC S. KAY
KOZYAK TROPIN &
THROCKMORTON LLP
2525 Ponce de Leon Blvd., 9th Floor
Miami, FL 33134
(305) 372-1800
tjl@kttlaw.com

*Counsel for Plaintiff-Appellee*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. ii

INTRODUCTION ............................................................................... 1

BACKGROUND ................................................................................. 2

ARGUMENT ...................................................................................... 4

The Court Should Dismiss This Appeal For Lack Of Jurisdiction ........................... 4

    A.    The Southern District Of Florida's Physical Receipt Of The Northern District Of Iowa's Transfer Order And Case File Prior To This Appeal Divested This Court Of Jurisdiction ............................................................. 4

    B.    The Northern District Of Iowa's Transfer Order Is A Non-Final, Non-Appealable Discovery Order ..................... 6

CONCLUSION ................................................................................... 7

CERTIFICATE OF SERVICE ............................................................ 9

CERTIFICATE OF COMPLIANCE ..................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Plan Adm'rs v. S. Broward Hosp. Dist.*,
  2021 WL 6064845 (E.D.N.Y. Dec. 22, 2021) ......................................................3

*S. Broward Hosp. Dist. v. ELAP Servs., LLC*,
  2020 WL 7074645 (S.D. Fla. Dec. 3, 2020) .......................................................2

*Emerson Elec. Co. v. Black & Decker Mfg. Co.*,
  606 F.2d 234 (8th Cir. 1979) ...............................................................................4

*In re Flight Transp. Corp. Secs. Litig.*,
  764 F.2d 515 (8th Cir. 1985) ...............................................................................4

*In re Nine Mile Ltd.*,
  673 F.2d 242 (8th Cir. 1982) ..........................................................................4, 5

*Integrated Health Servs. of Cliff Manor, Inc. v. THCI Co.*,
  417 F.3d 953 (8th Cir. 2005) ...............................................................................5

*Midwest Motor Exp., Inc. v. Cent. States Se.*,
  70 F.3d 1014 (8th Cir. 1995) ...................................................................... 4, 5, 7

*Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*,
  197 F.3d 922 (8th Cir. 1999) ...........................................................................6, 7

*Mohawk Indus., Inc. v. Carpenter*,
  558 U.S. 100 (2009) .............................................................................................6

*PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP*,
  305 F.3d 813 (8th Cir. 2002) ...............................................................................7

*U.S. Fire Ins. Co. v. Am. Fam. Life Assurance Co. of Columbus*,
  787 F.2d 438 (8th Cir. 1986) ...............................................................................7

**Statutes**

28 U.S.C. § 1291 ....................................................................................................6

28 U.S.C. § 1404 ....................................................................................................4

ii

## TABLE OF AUTHORITIES—Continued

**Page(s)**

**Rules**

8th Cir. R. 47A(b) ............................................................................................1

Fed. R. App. P. 27(a) .......................................................................................1

Fed. R. App. P. 27(d)(2)(a) ...........................................................................10

Fed. R. App. P. 32(a)(5)(A) ...........................................................................10

Fed. R. App. P. 32(a)(6) .................................................................................10

Fed. R. App. P. 32(f) ......................................................................................10

Fed. R. Civ. P. 45(f) .....................................................................................3, 5

**Other Authorities**

15 Wright, Miller, & Freer, *Federal Practice & Procedure* § 3846 (4th ed.) .........4

15B Wright, Miller, & Cooper, *Federal Practice & Procedure*
§ 3914.23 (2d ed.) ......................................................................................6

Appellate Case: 21-3831   Page: 4   Date Filed: 12/27/2021 Entry ID: 5111616

## MOTION TO DISMISS FOR LACK OF JURISDICTION
## AND TO STAY BRIEFING

Pursuant to Federal Rule of Appellate Procedure 27(a) and Eighth Circuit Rule of Appellate Procedure 47A(b), Plaintiff-Appellee South Broward Hospital District, d/b/a Memorial Healthcare System ("Memorial"), moves to dismiss this appeal for lack of jurisdiction. Memorial also moves to stay briefing pending disposition of the jurisdictional issue presented in this Motion.

## INTRODUCTION

The Court lacks jurisdiction to hear this appeal from a discovery order of the United States District Court for the Northern District of Iowa. Appellee Self Insured Services Co. ("SISCO") initiated the proceedings below by filing a motion to quash a non-party subpoena that Memorial issued to SISCO to produce documents for use in a class action lawsuit pending in the United States District Court for the Southern District of Florida. On December 7, 2021, the Northern District of Iowa transferred SISCO's motion to quash to the Southern District of Florida. *See* Transfer Order at 3 (Exhibit A at 5-8). SISCO now appeals that order.

For two reasons, SISCO's appeal should be dismissed for lack of jurisdiction. First, this Court was divested of jurisdiction of this matter when the Southern District of Florida received the Northern District of Iowa's Transfer Order and case file. And second, the Transfer Order is a non-final discovery order not subject to immediate appellate review.

1

## BACKGROUND

This appeal stems from a third-party discovery proceeding initiated in the Northern District of Iowa by SISCO seeking to quash a subpoena that Memorial issued to SISCO to produce documents for use in a class action lawsuit currently pending in the Southern District of Florida. *S. Broward Hosp. Dist. v. ELAP Servs., LLC*, No. 20-cv-61007-SINGHAL/VALLE (S.D. Fla). The Florida class action concerns an unfair and deceptive scheme designed by Defendants ELAP Services, LLC and Group & Pension Administrators, Inc. to steal tens of millions of dollars off the backs of hospitals and healthcare facilities. Working together, Defendants systematically underpay healthcare providers in Florida and around the country through ELAP's arbitrary, uniform, and unilateral use of a healthcare claim reimbursement model known as "Reference Based Pricing"—which pays providers a fraction of the reasonable value of their services.

On December 3, 2021, the Southern District of Florida declined to dismiss Memorial's case or strike Memorial's class allegations. *S. Broward Hosp. Dist. v. ELAP Servs., LLC*, 2020 WL 7074645 (S.D. Fla. Dec. 3, 2020). The parties are now engaged in extensive discovery. Through discovery, Memorial learned from Defendants that medical denial codes and detailed claims payment information, both of which are relevant to identifying class members and formulating a damages model, were in the exclusive possession of various third-party administrators—like

2

SISCO—that are affiliated with ELAP. So Memorial served narrowly targeted subpoenas on each of these administrators, including SISCO, requesting a report that includes this critical information.

On September 16, 2021, SISCO filed a motion to quash in the Northern District of Iowa seeking to avoid compliance with the subpoena. In response, Memorial moved to transfer SISCO's motion to quash to the Southern District of Florida pursuant to Federal Rule of Civil Procedure 45(f), which provides that, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion . . . to the issuing court . . . if the court finds exceptional circumstances."[1]

On December 7, 2021, the Northern District of Iowa issued an order transferring SISCO's motion to quash to the Southern District of Florida. *See* Ex. A.

---

[1] SISCO is one of five third-party administrators that are presently litigating motions to quash subpoenas issued by Memorial in the underlying Florida class action. Memorial filed motions to transfer to the Southern District of Florida each of the motions to quash. On December 22, 2021, the Eastern District of New York transferred the motion to quash filed in that court to the Southern District of Florida. *See Am. Plan Adm'rs v. S. Broward Hosp. Dist.*, 2021 WL 6064845 (E.D.N.Y. Dec. 22, 2021). Motions to quash and Memorial's corresponding motions to transfer are currently pending in the District of Utah, the District of Montana, and the Northern District of Illinois. *See MBA Benefit Adm'rs v. S. Broward Hosp. Dist.*, No. 21-mc-677 (D. Utah); *In re Subpoena of S. Broward Hosp. Dist.*, No. 21-mc-9 (D. Mont.); *In re Subpoena of S. Broward Hosp. Dist. Litig. Subpoena Issued to Trustmark Health Benefits Inc.*, No. 21-cv-4929 (N.D. Ill.).

3

at 5-8. SISCO appealed the Transfer Order three days later. *Id.* at 10. This Court

docketed SISCO's appeal on December 13, 2021.

## ARGUMENT

### The Court Should Dismiss This Appeal For Lack Of Jurisdiction

### A. The Southern District Of Florida's Physical Receipt Of The Northern District Of Iowa's Transfer Order And Case File Prior To This Appeal Divested This Court Of Jurisdiction

This Court was divested of jurisdiction over this matter when the Southern

District of Florida received the Northern District of Iowa's Transfer Order and case

file.

This Court "generally do[es] not exercise jurisdiction over transfer orders."

*Midwest Motor Exp., Inc. v. Cent. States Se.*, 70 F.3d 1014, 1016 (8th Cir. 1995).

For example, in the context of venue transfers under 28 U.S.C. § 1404, "[i]t is well

established that the transferor court under § 1404 loses all jurisdiction over a case

once transfer has occurred." *In re Flight Transp. Corp. Secs. Litig.*, 764 F.2d 515,

516 (8th Cir. 1985) (citing *In re Nine Mile Ltd.*, 673 F.2d 242, 243 (8th Cir. 1982));

*see Emerson Elec. Co. v. Black & Decker Mfg. Co.*, 606 F.2d 234, 237 (8th Cir.

1979) ("Ordinarily, no appeal can be taken from district court orders on transfers

between districts pursuant to [§] 1404(a) . . . ."); *see also* 15 Wright, Miller, & Freer,

*Federal Practice & Procedure* § 3846 n.1 (4th ed.). This Court has consistently

"'take[n] the view that the physical receipt of the file in the transferee court is the event that signals the end of jurisdiction in the transferor court.'" *Integrated Health Servs. of Cliff Manor, Inc. v. THCI Co.*, 417 F.3d 953, 957 (8th Cir. 2005) (quoting *Midwest Motor Exp.*, 70 F.3d at 1016). Thus, "when a case file is physically transferred to another court, it divests [this Court] of jurisdiction." *Id.* (citing *In re Nine Mile Ltd.*, 673 F.2d at 244).

These principles—which should apply with equal force in the context of transfers of subpoena-related motions under Federal Rule of Civil Procedure 45(f)—require dismissal of this appeal. The Northern District of Iowa issued its Transfer Order on December 7, 2021. Ex. A at 3-8. The Northern District of Iowa's Transfer Order and case—which comprise the complete case file in the proceedings below—were electronically transferred to and received by the Southern District of Florida that same day. *Id.* at 9; Ex. B (ECF No. 16 in *S. Broward Hosp. Dist. v. ELAP Servs, LLC*, No. 21-mc-62463 (S.D. Fla.)). SISCO did not seek a stay of the Northern District of Iowa's transfer. Nor did SISCO take any other action to preserve the Northern District of Iowa's jurisdiction before appealing the Transfer Order to this Court on December 10, 2021.

Accordingly, because the Northern District of Iowa was divested of jurisdiction on December 7—three days before SISCO filed its notice of appeal—this Court lacks jurisdiction, and the appeal should be dismissed.

### B.   The Northern District Of Iowa's Transfer Order Is A Non-Final, Non-Appealable Discovery Order

This Court also lacks jurisdiction because the Northern District of Iowa's Transfer Order is a non-final, non-appealable discovery order.

"In general, courts of appeals 'have jurisdiction of appeals from all final decisions of the district courts of the United States.'" *Jensen v. Minn. Dep't of Human Servs.*, 897 F.3d 908, 912 (8th Cir. 2018) (quoting 28 U.S.C. § 1291). "[O]rdinarily discovery orders in pending cases are interlocutory and not subject to immediate appeal." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999). Thus, appellate review of pretrial discovery orders is "'generally denied.'" *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108 (2009); *see also* 15B Wright, Miller, & Cooper, *Federal Practice & Procedure* § 3914.23 (2d ed.) ("[T]he rule remains settled that most discovery rulings are not final.").

Nor does any exception to the finality rule apply to district court orders transferring a motion to quash when the issuing court overseeing the underlying

6

litigation is located outside of the Eighth Circuit. To be sure, the Court has recognized that the collateral order doctrine at times permits review of orders stemming from ancillary discovery proceedings involving orders *quashing* subpoenas issued to a non-party to an underlying action pending in a district court outside of the Eighth Circuit. *See PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP*, 305 F.3d 813, 815 (8th Cir. 2002); *Miscellaneous Docket Matter No. 1*, 197 F.3d at 925. But unlike orders denying non-party discovery in such ancillary proceedings, this Court "generally do[es] not exercise jurisdiction over transfer orders." *Midwest Motor Exp.*, 70 F.3d at 1016; *see, e.g.*, *U.S. Fire Ins. Co. v. Am. Fam. Life Assurance Co. of Columbus*, 787 F.2d 438, 439 (8th Cir. 1986). And the Court has not recognized an exception to this rule for orders transferring motions filed in ancillary discovery proceedings by a nonparty to underlying litigation outside of the Eighth Circuit.

Consequently, the Northern District of Iowa's Transfer Order is a non-final, non-appealable order that this Court lacks jurisdiction to review.

## CONCLUSION

For the foregoing reasons, the Court should dismiss this appeal for lack of jurisdiction. Memorial also requests that the Court stay briefing pending disposition of the jurisdictional issue presented by this Motion.

7

Dated: December 27, 2021

STEPHANIE G. TECHAU
ETHAN S. OLSON
NYMASTER GOODE, P.C.
625 First Street SE, Suite 400
Cedar Rapids, IA 52401
(319) 286-7000

Respectfully submitted,

*/s/ Tal J. Lifshitz*

TAL J. LIFSHITZ
ERIC S. KAY
KOZYAK TROPIN &
THROCKMORTON LLP
2525 Ponce de Leon Blvd., 9th Floor
Miami, FL
(305) 372-1800
tjl@kttlaw.com

*Counsel for Plaintiff-Appellee*

8

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

_____
/s/ *Tal J. Lifshitz*
Tal J. Lifshitz

*Counsel for Plaintiff-Appellee*

9

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5)(A) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font. I further certify that this document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(a) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,604 words.

_/s/ Tal J. Lifshitz_
Tal J. Lifshitz

_Counsel for Plaintiff-Appellee_

# EXHIBIT A

APPEAL,CLOSED,PHV,TRANSFER

# U.S. District Court
## Northern District of Iowa (Cedar Rapids)
## CIVIL DOCKET FOR CASE #: 1:21–mc–00005–KEM
### *Internal Use Only*

| | |
|---|---|
| South Broward Hospital District v. ELAP Services, LLC et al | Date Filed: 09/14/2021 |
| Assigned to: Chief Magistrate Judge Kelly K.E. Mahoney | Date Terminated: 12/07/2021 |
| Case in other court:  USDC Southern District of Florida, | |
|             20–cv–61007–AHS | |

**Interested Party**

| | | |
|---|---|---|
| **Self Insured Services Company** | represented by | **Thomas D Wolle** |
| | | Simmons Perrine Moyer Bergman PLC |
| | | 115 3rd St SE |
| | | Suite 1200 |
| | | Cedar Rapids, IA 52401 |
| | | 319 366 7641 |
| | | Email: twolle@spmblaw.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Dean Hafeez Malik** |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Patrick C Timoney** |
| | | Devine Timoney Law Group |
| | | 1777 Sentry Parkway West |
| | | Veva 14, Suite 404 |
| | | Blue Bell, PA 19422 |
| | | 610 400 1970 |
| | | Email: ptimoney@devinetimoney.com |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **South Broward Hospital District** | represented by | **Ethan S Olson** |
| *doing business as* | | Nyemaster Goode PC |
| Memorial Healthcare System | | 625 First Street SE Ste 400 |
| | | One GreatAmerica Plaza |
| | | Cedar Rapids, IA 52401 |
| | | 319 286 7000 |
| | | Email: eolson@nyemaster.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Stephanie Glenn Techau** |
| | | Nyemaster Goode PC |

625 First Street SE
Suite 400
Cedar Rapids, IA 52401
319 286 7000
Email: sgtechau@nyemaster.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tal J Lifshitz**
Kozyak Tropin & Throckmorton LLP
2525 Ponce DE Leon Blvd
Suite 9th Floor
Coral Gables, FL 33134
305 728 2959
Email: tjl@kttlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ELAP Services, LLC**
*a Pennsylvania limited liability company*

**Defendant**

**Group & Pension Administrators, Inc**
*a Texas corporation*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 09/14/2021 | | | FEE Receipt: $49.00, receipt number IAN110030142 for Miscellaneous Case Filing Fee by Self Insured Services Company. (pac) (Entered: 09/14/2021) |
| 09/14/2021 | 1 | | MOTION to Quash by Interested Party Self Insured Services Company. (Attachments: # 1 Brief, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Certificate of Service) (pac) (Entered: 09/14/2021) |
| 09/15/2021 | 2 | | ORDER re 1 MOTION to Quash filed by Self Insured Services Company: Responses due by 9/20/2021. Signed by Chief Magistrate Judge Kelly K.E. Mahoney on 9/15/2021. (Emailed to counsel listed in the order) (pac) (Entered: 09/15/2021) |
| 09/17/2021 | 3 | | NOTICE of Appearance by Ethan S Olson on behalf of South Broward Hospital District. (Olson, Ethan) (Entered: 09/17/2021) |
| 09/17/2021 | 4 | | NOTICE of Appearance by Stephanie Glenn Techau on behalf of South Broward Hospital District. (Techau, Stephanie) (Entered: 09/17/2021) |
| 09/17/2021 | 5 | | UNRESISTED Motion for Extension of Deadline to Respond to Motion to Quash Subpoena by Plaintiff South Broward Hospital District (Techau, Stephanie) (Entered: 09/17/2021) |

| 09/20/2021 | 6 | | ORDER granting 5 UNRESISTED Motion for Extension of Deadline to Respond to 1 Motion to Quash Subpoena: Any response to the motion to quash (Doc. 1) must be filed by October 20, 2021. Signed by Chief Magistrate Judge Kelly K.E. Mahoney on 9/20/2021 (copy emailed to attys listed in 2 Order). (skm) (Entered: 09/20/2021) |
|---|---|---|---|
| 10/06/2021 | 8 | | MOTION for Leave to Appear Pro Hac Vice for Attorney Dean Hafeez Malik ( Pro Hac Vice Fee $ 100 receipt number AIANDC−3544660) by Interested Party Self Insured Services Company (Attachments: # 1 Certificate of Good Standing) (Wolle, Thomas) (Entered: 10/06/2021) |
| 10/06/2021 | 9 | | MOTION for Leave to Appear Pro Hac Vice for Attorney Patrick C Timoney ( Pro Hac Vice Fee $ 100 receipt number AIANDC−3544681) by Interested Party Self Insured Services Company (Attachments: # 1 Certificate of Good Standing) (Wolle, Thomas) (Entered: 10/06/2021) |
| 10/07/2021 | 10 | | *TEXT ORDER ONLY* granting 8 MOTION for Leave to Appear Pro Hac Vice for Attorney Dean Hafeez Malik (Pro Hac Vice Fee $100 receipt number AIANDC−3544660) and 9 MOTION for Leave to Appear Pro Hac Vice for Attorney Patrick C Timoney (Pro Hac Vice Fee $100 receipt number AIANDC−3544681): Upon review of the motions and certificates of good standing, the court finds the motions should be granted. It is so ordered that Attorneys Dean H Malik and Patrick C Timoney are authorized to appear on behalf of Interested Party Self Insured Services Company (Mr Malik and Mr Timoney must register for e−filing with the Northern District of Iowa by 10/21/2021). Signed by Clerk on 10/7/2021. (pac) (Entered: 10/07/2021) |
| 10/20/2021 | 11 | | MOTION to Transfer Self Insured Services Company's Motion to Quash to the Southern District of Florida re 1 MOTION to Quash by Plaintiff South Broward Hospital District (Attachments: # 1 Brief in Support of Motion to Transfer, # 2 Exhibit A to Brief, # 3 Exhibit B to Brief, # 4 Exhibit C to Brief, # 5 Exhibit D to Brief) (Techau, Stephanie) (Entered: 10/20/2021) |
| 10/25/2021 | 12 | | MOTION for Leave to Appear Pro Hac Vice for Attorney *Tal J. Lifshitz* ( Pro Hac Vice Fee $ 100 receipt number AIANDC−3555536) by Plaintiff South Broward Hospital District (Attachments: # 1 Exhibit Certificate of Good Standing) (Lifshitz, Tal) (Entered: 10/25/2021) |
| 10/26/2021 | 13 | | *TEXT ORDER ONLY* granting 12 MOTION for Leave to Appear Pro Hac Vice for Attorney *Tal J. Lifshitz* (Pro Hac Vice Fee $100 receipt number AIANDC−3555536): Upon review of the motion and certificate of good standing, the court finds the motion should be granted. It is so ordered that Attorney Tal J Lifshitz is authorized to appear on behalf of Plaintiff South Broward Hospital District. Signed by Clerk on 10/26/2021. (pac) (Entered: 10/26/2021) |
| 11/03/2021 | 14 | | RESISTANCE to Motion re 11 MOTION to Transfer Self Insured Services Company's Motion to Quash to the Southern District of Florida re 1 MOTION to Quash filed by Self Insured Services Company. (Attachments: # 1 Brief Brief in Support of Resistance, # 2 Exhibit A, # 3 Exhibit B) (Wolle, Thomas) (Entered: 11/03/2021) |
| 11/10/2021 | 15 | | REPLY BRIEF to re 11 MOTION to Transfer Self Insured Services Company's Motion to Quash to the Southern District of Florida re 1 MOTION to Quash filed by South Broward Hospital District. (Techau, Stephanie) (Entered: |

| | | | |
|---|---|---|---|
| | | | 11/10/2021) |
| 12/07/2021 | 16 | | ORDER granting 11 Motion to Transfer the 1 Motion to Quash: This case is transferred to the Southern District of Florida. Signed by Chief Magistrate Judge Kelly K.E. Mahoney on 12/7/2021. (jjh) (Additional attachment(s) added on 12/7/2021: # 1 Transfer Receipt) (skm). (Entered: 12/07/2021) |
| 12/07/2021 | | | ***Civil Case Transferred to Southern District of Florida pursuant to 16 Order. (jjh) (Entered: 12/07/2021) |
| 12/10/2021 | 17 | | NOTICE of Appeal as to 16 Order on Motion for Miscellaneous Relief, by Self Insured Services Company. Filing fee $ 505, receipt number AIANDC–3582336. (Wolle, Thomas) (Entered: 12/10/2021) |
| 12/10/2021 | 18 | | NOA Supplement and Transmission of Notice of Appeal to US Court of Appeals re 17 Notice of Appeal. Case Number due by 12/14/2021. (jjh) (Entered: 12/10/2021) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

SOUTH BROWARD HOSPITAL
DISTRICT, d/b/a Memorial Healthcare
System,

                Plaintiff,

vs.

ELAP SERVICES, LLC; and GROUP &
PENSION ADMINISTRATORS INC.,

                Defendant.

SELF INSURED SERVICES CO.,

                Interested Party.

No. 21-MC-5-KEM

**ORDER**

---

Currently pending before the court are a motion to quash a subpoena (Doc. 1) and a motion to transfer the motion to quash to the district where the underlying litigation is pending (Doc. 11).  Because I find exceptional circumstances for transfer exist, the motion to transfer is **granted**.

Plaintiff South Broward Hospital District initiated the underlying putative class action against Defendants Elap Services, LLC, and Group & Pension Administrators, Inc. (GPA), in the Southern District of Florida.  The amended complaint alleges that Defendant Elap administers employers' self-funded health insurance plans and purposefully underpays hospitals for services through an arbitrary system called reference-based pricing.  Doc. 1-2.  The complaint further alleges that Defendant Elap conceals this reimbursement scheme from hospitals until after the hospital has already provided services by including the logo for Defendant GPA on the Elap health insurance cards, rather than the logo for Elap.  *Id.*  In this way, the hospitals believe they will be

paid at the GPA contracted rate and therefore provide services. *Id.* The Hospital brings claims of violation of the Florida Deceptive and Unfair Trade Practices Act and unjust enrichment. *Id.*

The Hospital served a subpoena on nonparty Self Insured Services Company (SISCO), a medical claims administrator for Elap located in Iowa. The subpoena requested that Self Insured Services Company produce:

1. A Report (or Reports) identifying all data points on the UB-04, the electronic claims' files (EDI 837), and the electronic remittance advises (EDI 835) for . . . each of the Claims.
2. Documents explaining abbreviations or codes for any data points listed on a Report (or Reports) responsive to Request No. 1, above.

Doc. 1-3 at 8. The subpoena listed the place of compliance as Miami, Florida, which is "not within 100 miles of where [SISCO] resides, is employed, or regularly transacts business in person," as required by Federal Rule of Civil Procedure 45(c)(2). SISCO moved to quash the subpoena in this court, based in part on the violation of the 100-mile rule. A party may move to quash a subpoena in "the court for the district where compliance is required."[1] Even though the subpoena here lists the place of compliance as Florida, a court has jurisdiction over a motion to quash a subpoena "if it is the court in the district within 100 miles of where the nonparty resides, works, or regularly transacts business."[2] Accordingly, SISCO appropriately moved to quash the subpoena in the Northern District of Iowa.[3]

---

[1] **Fed. R. Civ. P. 45(d)(3)**.

[2] ***Jeffcoat Enterprises, Inc. v. Charter Commc'ns, Inc.***, No. 4:20-MC-00112-AGF, 2020 WL 2104732, at \*2 & n.1 (E.D. Mo. May 1, 2020) (collecting cases) (also recognizing that some courts have held that "'the place of compliance' is the location identified on the subpoena for where the documents should be produced").

[3] The Hospital argues that the subpoena does not violate the 100-mile rule because the Hospital seeks only e-discovery and does not require any documents be produced in Florida. This is not clear from the face of the subpoena. Nevertheless, the violation of the 100-mile rule does not necessarily require quashing the subpoena, as the subpoena could be modified instead so that "the place of compliance" is in Iowa. *See Yukos Cap. S.A.R.L. v. Feldman*, No. 15-CV-

2

Case 1:21-mc-00005-KEM   Document 16   Filed 12/07/21   Page 2 of 4
Appellate Case: 21-3631   Page: 21   Date Filed: 12/27/2021 Entry ID: December 10 2021 p6

The Hospital moved to transfer resolution of the motion to quash to the court where the underlying litigation is pending (the Southern District of Florida). Doc. 11. From that court's docket, it appears that court is familiar with the claims and issues in this case, as it has already had to rule on multiple discovery disputes between the parties. In addition, the Hospital served identical subpoenas on other third-party administrators, and similar motions to quash are pending in other federal district courts. *See* 21-mc-677-HCN-JCB (D. Utah); 21-mc-2663-KAM-TAM (E.D.N.Y.); 21-cv-4929 (N.D. Ill.); 21-mc-9 (D. Mont.). Motions to transfer to the Southern District of Florida are pending in all four of these cases. The Illinois court has noted "it might make a great deal of sense to transfer this motion to . . . the Southern District of Florida" as it will have a "better handle on the discoverability of the information and records sought . . . [a]nd with remote appearances now common-place and cost-effective, typically there is no downside involved in litigating the dispute in the issuing court." Doc. 10, No. 21-cv-4929.

Federal Rule of Civil Procedure 45(f) provides:

> When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

The advisory committee notes explain:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of

---

4964(LAK), 2016 WL 3181151, at *3 & n.11 (S.D.N.Y. June 3, 2016) (modifying "place of compliance" in subpoena that did not comply with 100-mile rule, rather than quashing subpoena).

3

the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.  Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.[4]

Here, as similar motions to quash are pending in multiple federal district courts, I find exceptional circumstances exist to transfer the motion to quash to the Southern District of Florida.

SISCO resists transfer, arguing that the existence of a report is distinct to each subpoenaed party.  But in the motion to quash, SISCO also argues that it should not have to create or prepare a report; similar arguments are raised in each of the motions to quash pending in other districts.  In addition, SISCO and the other subpoenaed third-party administrators argue that the Hospital seeks irrelevant personal health information that confidentiality concerns and the Health Insurance Portability and Accountability Act (HIPPA) mandate they should not have to produce.  As the Hospital notes, the motions to quash pending in this case, Illinois, New York, and Montana are nearly identical.  Accordingly, the motions to quash are better addressed by one court, and in the interest of judicial economy and consistent rulings, I find transfer is warranted.[5]

The motion to transfer (Doc. 11) is **granted**, and this case should be transferred to the Southern District of Florida.

**SO ORDERED** on December 7, 2021.

Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa

---

[4] **Fed. R. Civ. P. 45(f),** advisory committee notes to the 2013 amendment.

[5] *See Leon v. N. Nat'l Gas Co.*, No. 21-MC-0042 (WMW/ECW), 2021 WL 4452874, at *4 (D. Minn. Sept. 29, 2021) (transferring motion to quash based on potential for inconsistent rulings when similar discovery requests and motions to quash were made in other districts); *United States v. Gilead Scis., Inc.*, No. 21-MC-09005-SRB, 2021 WL 619761, at *2 (W.D. Mo. Feb. 17, 2021) (same)

4

**Sarah Melvin**

| | |
|---|---|
| **From:** | InterDistrictTransfer_IAND |
| **Sent:** | Tuesday, December 7, 2021 12:22 PM |
| **To:** | Sarah Melvin |
| **Subject:** | FW: Transferred case has been opened |

-----Original Message-----
From: cmecfautosender@flsd.uscourts.gov <cmecfautosender@flsd.uscourts.gov>
Sent: Tuesday, December 7, 2021 11:30 AM
To: InterDistrictTransfer_IAND <InterDistrictTransfer_iand@iand.uscourts.gov>
Subject: Transferred case has been opened

CASE: 1:21-mc-00005

DETAILS: Case transferred from Iowa Northern has been opened in Southern District of Florida as case 0:21-mc-62463,
filed 12/07/2021.

1

Case 1:21-mc-00005-KEM   Document 16-1   Filed 12/07/21   Page 1 of 1
Appellate Case: 21-3631   Page: 24   Date Filed: 12/27/2021 Entry ID: December 10 2021 p9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

|   |   |   |
|---|---|---|
| In re Subpoena of South Broward Hospital | : | Case No. 21-MC-0005-KEM |
| District Issued to Self Insured Services | : |   |
| Company | : |   |
|   | : |   |

## NOTICE OF APPEAL

Self Insured Services Company appeals to the United States Court of Appeals for the 8th

Circuit from the District Court's Order dated December 7, 2021, granting the Motion to Transfer

Venue.

Respectfully submitted,

DEVINE TIMONEY LAW GROUP

_____
Patrick C. Timoney, Esq.
Dean H. Malik, Esq.

SIMMONS PERRINE MOYER BERGMAN PLC

By: _____
Thomas D. Wolle AT0008564

ATTORNEYS FOR SELF INSURED
SERVICES COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2021, I electronically filed the foregoing with the Clerk

of the Court using the ECF system which will send notification of such filing to the following:

**Nyemaster Goode, P.C.**
Stephanie G. Techau
sgtechau@nyemaster.com
Ethan S. Olson
eolson@nyemaster.com

**Kozyak Tropin & Throckmorton LLP**
Tal J. Lifshitz
tjl@kttlaw.com

2

The Clerk of Court must email a copy of this Motion to:

**Kozyak Tropin Throckmorton**
Benjamin Jacobs Widlanski
bwidlanksi@kttlaw.com
Eric Samuel Kay
ekay@kttlaw.com
Frank Anthony Florio
fflorio@kktlaw.com
Gail Ann McQuilkin
gam@kttlaw.com
Michael Robert Lorigas
mlorigas@kttlaw.com

**Wolfe Pincavage, LLP**
Danya Pincavage
danya@wolfepincavage.com
Douglas Wolfe
doug@wolfepincavage.com
Omar Mazien Ali-Shamaa
omar@wolfepincavage.com

**Fisher Broyles**
Irine Oria
Irene.oria@fisherbroyles.com
Kristopher R. Alderman
Kris.alderman@fisherbroyles.com
Patrick M. Emery
Patrick.emery@fisherbroyles.com

**Stroock & Stroock & Lavan LLP**
Robert Thomas Wright, Jr.
RWright@stroock.com
cfernandez@stroock.com
ioria@stroock.com
RTWJr1@yahoo.com

**U.S. COURT OF APPEALS – EIGHTH CIRCUIT**
**NOA SUPPLEMENT**

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of case)

**CASE NO.**

21-MC-5-KEM

**CASE TITLE**

South Broward Hospital District v. ELAP Services, et al.

**Length of Trial:**   N/A

**Financial Status:** Fee paid?          Yes: ✓   No:

If NO, has IFP been granted?          Yes:       No:

Is there a pending motion for IFP?    Yes:       No:

**Any other pending post-judgment motions?**          Yes:       No: ✓

**Local interest in case?**          Yes:       No: ✓

**Simultaneous release recommended?**          Yes:       No: ✓

Identify the court reporter: *If NO court reporter please check here*: ✓

| Court Reporter | Proceeding | Telephone |
|---|---|---|
|  |  |  |

**Are any parties to this action incarcerated:**          Yes:       No: ✓

If yes, indicate which:   Plaintiff: [    ]  Defendant: [    ]

**List all other defendants in this case if there were multiple defendants**

Special Comments:

*Please return files and documents to:*          *Contact Person:*

*U.S. District Clerk - Northern District of Iowa*          Jill Hawkins

111 7th Avenue SE,  Box 12, Cedar Rapids, IA 52401          319-286-2318

# EXHIBIT B

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Message-Id:21727949@flsd.uscourts.gov
Subject:Activity in Case 0:21-mc-62463 South Broward Hospital District v. ELAP Services,
LLC et al Case Transferred In - District Transfer
Content-Type: text/html
```

## U.S. District Court

## Southern District of Florida

## Notice of Electronic Filing

The following transaction was entered on 12/7/2021 at 12:30 PM EST and filed on 12/7/2021

| | |
|---|---|
| **Case Name:** | South Broward Hospital District v. ELAP Services, LLC et al |
| **Case Number:** | 0:21–mc–62463 |
| **Filer:** | |
| **Document Number:** | 16 |
| **Docket Text:** | |

**Case transferred in from Iowa Northern; Case Number 1:21–mc–00005. Electronic file including transfer order and docket sheet received. .(bb).**

**0:21–mc–62463 Notice has been electronically mailed to:**

**0:21–mc–62463 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1–888–318–2260.:**

The following document(s) are associated with this transaction: